UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM GEORGE CLARK, JR.,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 2:15-cv-00241 BHS-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

Noting Date: September 18, 2015

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). Plaintiff has filed an opening brief, and defendant has filed a response (*see* Dkts. 15, 19).

After considering and reviewing the record, the Court concludes that the ALJ erred by failing to provide any reason to discount a significant opinion regarding

limitations from an examining licensed occupational therapist and a treating physician. Because this error is not harmless error, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, WILLIAM GEORGE CLARK, JR., was born in 1964 and was 45 years old on the alleged date of disability onset of December 22, 2009 (*see* AR. 182-87, 188-89). Plaintiff has a tenth grade education and though he tried, did not obtain his GED (AR. 35-36). Plaintiff has work experience as a laminator/boat builder (AR. 34-35).

According to the ALJ, through the date last insured, plaintiff had at least the severe impairments of "degenerative disc disease, dysfunction of major joints, carpal tunnel syndrome, chronic liver disease, bilateral hearing loss, and essential hypertension (20 CFR 404.1520(c))" (AR. 14).

At the time of the hearing, plaintiff was living in a house with his wife (AR. 33, 42).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 69-78, 80-91, 92-94, 95-97). Plaintiff's requested hearing was held before Administrative Law Judge Virginia M. Robinson ("the ALJ") on October 22, 2013 (*see* AR. 29-66). On November 13, 2013, the ALJ issued a written decision in

which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 9-27).

On January 13, 2015, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-4). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in February, 2015 (*see* Dkts. 1, 3). Defendant filed the sealed administrative record regarding this matter ("AR.") on May 22, 2015 (*see* Dkt. 12).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred in determining that plaintiff's auditory memory impairments were non-severe; (2) Whether or not the ALJ erred in determining that plaintiff had the residual functional capacity to perform light work, except that he can stand and/or walk for a total of 6 hours in an 8 hour day, and can frequently handle and finger; (3) Whether or not the ALJ erred in finding that plaintiff's statements concerning the intensity, persistence and limiting effects of his alleged symptoms were not entirely credible; (4) Whether or not the ALJ erred in assigning the amount of weight given to the medical source opinions of Courtney Clinton, Ph.D., Elizabeth Spencer Steffa, OTR/L, CHT, Todd Havener, M.D., Gary Gaffield, D.O., Gordon Hale, M.D., and Howard Clark, M.D.; and (5) Whether or not the ALJ erred in determining that claimant was capable of performing other work as a cleaner housekeeper, marking clerk, and hardware assembler (*see* Dkt. 19, pp. 1-2). Because the Court concludes that issues numbered one and four are dispositive, those

issue will be addressed first, and the remaining issues will be discussed only briefly or not at all.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1) Whether or not the ALJ erred in assigning the amount of weight given to the medical source opinions of Courtney Clinton, Ph.D., Elizabeth Spencer Steffa, OTR/L, CHT, Todd Havener, M.D., Gary Gaffield, D.O., Gordon Hale, M.D., and Howard Clark, M.D.**

The ALJ rejected every single medical opinion regarding plaintiff's ability to stand, including the medical opinion to which the ALJ gave "great weight" (*see* AR. 19-20). Instead, the ALJ provided her own opinion regarding plaintiff's ability to "stand and/or walk for a total of six hours in an eight-hour workday" (AR. 16). However, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Similarly, the ALJ provided no reason to reject the opinion from Ms. Elizabeth Spencer Steffa, OTR/L, CHT, that with respect to sitting standing and walking, plaintiff

requires "frequent changes of position" (AR. 454). However, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

As noted by the ALJ, Dr. Todd W. Havener, M.D., a treating physician, concurred with the opinion of Ms. Steffa (AR. 18, 299). Therefore, the ALJ needed to provide specific and legitimate reasons for failing to credit fully this opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)) (When an opinion from a treating doctor is contradicted by other medical opinions, the treating doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record"). The ALJ's unspecified rationale for rejecting this opinion and general discussion overall in her written decision do not meet this standard.

With respect to the opinion of Ms. Steffa and Dr. Havener that plaintiff requires "frequent changes of position," (AR. 454), defendant contends that there is no error because even though the ALJ did not provide an explicit reason to discount this opinion, the ALJ "implicitly rejected the opinion" because "the ALJ devoted extensive discussion of plaintiff's ability to sit, stand, and walk" (Dkt. 19, p. 11). However, the Court concludes that the ALJ's general discussion regarding plaintiff's ability to sit, stand, and walk does not entail an adequate explanation for the ALJ's failure to credit fully the

opinion of Ms. Steffa and Dr. Havener that plaintiff requires frequent changes of position. For example, although the ALJ provides no explicit reason for failing to credit fully the opinion of Ms. Steffa and Dr. Havener of a need for frequent changes of position, the ALJ rejects the opinion of examining doctor Dr. Gary Gaffield, D.O. that plaintiff only can walk for two hours by noting that plaintiff "stated that he walks 1 to 2 miles, 1 to 2 times per day" (AR. 19). However, plaintiff reported walking a couple of miles in "15-20 minutes" at a time, once or twice daily (AR. 442). The Court concludes that plaintiff's report that he walks for 15-20 minutes at a time is not a legitimate reason to discount a medical opinion that he can walk for only two hours at a time, or that he requires a frequent change of position. Similarly, although the ALJ notes plaintiff's excursions for hunting, the ALJ cites no evidence demonstrating that plaintiff walks for more than two hours at a time while hunting without the ability to change his position frequently (AR. 19). Therefore, the Court concludes that the ALJ has not explained why her own interpretations, rather than those of the doctors, are correct, when it comes to walking or frequently changing position. *See Reddick*, *supra*, 157 F.3d at 725 (*citing Embrey*, *supra*, 849 F.2d at 421-22). The ALJ's findings on this topic are not supported by substantial evidence in the record as a whole.

Similarly, the ALJ rejects the October, 2012 opinion from Dr. Gordon Hale, M.D., that plaintiff only can stand for four hours by referencing a finding that plaintiff's standing was within normal limits (AR. 19). However, the objective evidence of plaintiff's standing within normal limits occurred in January, 2010 (AR. 17), before plaintiff fell off of a roof December, 2011 (AR. 18).

For the reasons stated and based on the record as a whole, the Court concludes that not only did the ALJ err by failing to provide explicitly an explanation for her decision not to adopt the opinion from Ms. Steffa and Dr. Havener of a need for frequent changes of position, but also the Court concludes that the ALJ's discussion in the rest of the opinion regarding sitting, standing, and walking does not constitute an adequate explanation for any "implicit" rejection of their opinion. The ALJ has not explained why her own interpretations are more correct than those of the doctor and did not explain why the significant probative evidence of Ms. Steffa's and Dr. Havener's opinion was rejected. *See Reddick*, *supra*, 157 F.3d at 725 (*citing Embrey*, *supra*, 849 F.2d at 421-22); *Flores*, *supra*, 49 F.3d at 571. The ALJ did not provide specific and legitimate reasons for discounting the opinion of a need for frequent changes in position. The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout*, 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave

persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (*citing* 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, the Court concludes that a reasonable ALJ, when fully crediting the opinion from Ms. Steffa and Dr. Havener regarding a need for frequent changes of position, could reach a different disability determination. If this opinion regarding limitation was included in plaintiff's RFC, it is not clear that plaintiff would be able to perform any jobs existing in the national economy. Therefore, the ALJ's error is not harmless error. *See Marsh*, *supra*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8. As requested by plaintiff, this matter should be reversed and remanded for further administrative consideration.

**(2) Whether or not the ALJ erred in determining that plaintiff's auditory memory impairments were non-severe.**

Because the Court already has concluded that this matter should be reversed and remanded for further administrative proceedings, *see supra*, section 1, this second issue will be addressed only briefly.

Plaintiff contends that the ALJ erred in determining that plaintiff's auditory memory impairments were nonsevere (*see* Dkt. 15, pp. 4-6). Plaintiff relies on the opinion of Dr. Courtney Clinton, Psy.D., who examined plaintiff and opined that plaintiff would do best in employment settings in which information is provided visually rather than orally (*see id.* at p. 4 (*citing* AR. 410-11)). Defendant contends that the ALJ's

findings were appropriate, arguing that there was no diagnosis and that the ALJ properly relied on the opinion from a non-examining psychologist (*see* Dkt. 19, pp. 2-4). Defendants' arguments are not persuasive.

First, regarding the reliance on an opinion from a non-examining doctor to reject the opinion of an examining doctor, the Court notes that an examining doctor's opinion is "entitled to greater weight than the opinion of a non-examining [doctor]." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). In addition, a non-examining psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining psychologist. *Id.* at 831 (citations omitted).

Secondly, the citation provided by defendant suggesting that a medical opinion must include symptoms and a diagnosis relies on a Social Security Ruling "SSR" that does not include an explicit requirement for a diagnosis (*see* Dkt. 19, p. 3 (*citing Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005) (*citing* SSR 96-6p)). Instead, the SSR quoted provides a definition of medical opinions, indicating that "'medical opinions' are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual can still do despite his or her impairments(s), and the individual's physical or mental restrictions." 1996 SSR LEXIS 3, at *2-*3. A definition of a medical opinion does not equate to an explicit ruling

that a diagnosis is required before opinions regarding limitations can be credited. *See id.* Similarly, the relevant federal regulation indicates that an "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 1404.1508. This federal regulation also indicates that a "physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a] statement of symptoms." *Id.* This federal regulation requires "diagnostic techniques" and "laboratory findings," but does not explicitly indicate a need for a diagnosis. *See id.* Here, the relevant findings being disputed were based on signs and symptoms, as well as standard diagnostic techniques and explicit testing, including the Mental Status Examination, the Weschler Adult Intelligence Scale-IV and the Weschler Memory Scale-IV (*see* AR. 408-10). Furthermore, even if the Court were to agree with defendant that an explicit diagnosis is required in order for an ALJ to credit a doctor's opinion regarding limitations, here, a diagnosis was provided explicitly by Dr. Clinton.

In Dr. Clinton's report, she includes a specific section entitled "diagnosis" (AR. 410). In her diagnosis, Dr. Clinton indicates that the diagnostic techniques and testing utilized "indicated variable results, ranging from extremely low auditory memory, to average visual memory" (*id.*). She also indicates in her diagnosis section that the "Extremely Low auditory memory indicates that the claimant experiences significant difficulties with the encoding, storage, and retrieval of auditory information" (*id.*). In her medical source statement, Dr. Clinton opines that plaintiff's performance on memory

testing "suggest[s] difficulties with the processing of orally presented information" (AR. 410-11). She further opines that plaintiff will do best in employment settings that involve "the presentation of information in a visually-based format" (AR. 411). None of this was credited by the ALJ, who nevertheless acknowledged that plaintiff suffered from a severe impairment of bilateral hearing loss (AR. 14).

The ALJ noted plaintiff's "reduced memory performance on the WAIS-IV and Wechsler Memory Scale-IV (WMS-IV), [but found that] these scores likely underestimated his ability, as the claimant could not function in his daily life with his auditory memory scores, thus suggesting poor effort" (AR. 15). The ALJ did not provide an explanation or a basis for her opinion that plaintiff could not function in his daily life if these auditory memory scores are correct (*see id.*). Although defendant suggests that the ALJ was relying on an opinion from an non-examining source for this assessment, according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)). In addition, as already noted, an examining doctor's opinion is "entitled to greater weight than the opinion of a non-examining [doctor]." *Lester*, 81 F.3d at 830 (citations omitted). Furthermore, with respect to the ALJ's assessment that plaintiff's scores when tested by Dr. Clinton suggested "poor effort," such finding is contradicted by the test scores

themselves, as Dr. Clinton noted in her diagnosis that the results "of formal assessment of effort indicate that the claimant put forth adequate effort" (AR. 410; *see also* AR. 15).

For the reasons stated and based on the record as a whole, the Court concludes that following remand of this matter, a further assessment of plaintiff's limitations regarding the presentation of orally presented information and auditory memory limitations should be evaluated further. Although Dr. Clinton indicates no diagnosis on Axis I and Axis II, this information at most makes her opinion ambiguous, as elsewhere in her report she includes a full description of plaintiff's diagnosis (*see* AR. 410). Ambiguous evidence triggers the ALJ's duty to supplement the record, suggesting the potential need for the ALJ to follow up with Dr. Clinton or to order additional examination regarding plaintiff's limitations with respect to orally presented information. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*citing Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

(3) **Whether or not the ALJ erred in determining the plaintiff had the residual functional capacity ("RFC") to perform light work, except that he can stand and/or walk for a total of 6 hours in an 8 hour day, and can frequently handle and finger.**

As discussed, the Court already has concluded that the ALJ erred when evaluating plaintiff's ability to stand and/or walk for total of six hours in an eight hour day, *see supra*, section 1. As a necessity, plaintiff's RFC must be evaluated anew following remand of this matter. Similarly, the ALJ's finding at step five of the sequential stability evaluation process regarding plaintiff's ability to perform other work needs to be evaluated anew following remand of this matter.

(4) **Whether or not the ALJ erred in finding that plaintiff's statements concerning the intensity, persistence and limiting effects of his alleged symptoms were not entirely credible**.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, sections 1 and 2. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

//

//

Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 18, 2015, as noted in the caption.

Dated this 27th day of August, 2015.

J. Richard Creatura
United States Magistrate Judge